[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR MODIFICATION DEFENDANT'S MOTION FOR CONTEMPT CT Page 7144
The marriage of the parties was dissolved on July 2, 1990. At that time the court ordered, inter alia, the plaintiff to pay the defendant support in the amount of $358.00 per week for the two minor children whose custody was awarded to the defendant. The plaintiff was also ordered to pay sixty per cent and the defendant mother forty per cent of any unreimbursed medical or dental bills incurred on behalf of the minor children.
The plaintiff husband filed a motion to modify judgment dated March 25, 1992 requesting that the child support obligation be suspended because of his job loss. The defendant wife filed a contempt motion dated March 31, 1992 alleging that the husband is in arrears on the support orders. Both motions were heard by the court on June 11, 1992.
The plaintiff husband testified that at the time of the dissolution he was president of Pan-Tek Corporation earning a weekly gross income of $1,058.00 with a net weekly income of $813.00. He related that his job was terminated on March 30, 1992 but that he has since found a job and is presently employed by The Sporting Collection at a gross weekly salary of $300.00 with a net weekly salary of $241.55. On cross examination the plaintiff husband revealed that he lives in the same Monroe Condominium as he did at the time of the dissolution, that he drives a Lincoln Mark VII automobile which he advises is owned by the corporation and that in April of 1992 he made a $30,000.00 loan to a Mr. Mark Wagy. The circumstances surrounding the $30,000.00 loan were sketchy. At the very least the loan transaction is suspect and at most it is a deliberate scheme that effectively depleted all of the plaintiff's present liquid assets albeit $6,500.00 in a savings account and $300.00 in a checking account.
At the time of dissolution the wife shows a $533.00 net weekly income as a licensed practical nurse. She is now remarried, pregnant and unemployed with no weekly income.
The court has considered the testimony as presented, all of the past and current financial affidavits of the parties as on file and the existing Connecticut Child Support Guidelines. The court has further considered all of the applicable statutes and case law pertaining to the issues involved and in particular Connecticut General Statutes 46b-84b and 46b-86.
The parties stipulated that the support arrearage as of the CT Page 7145 date of the June 11, 1992 hearing was in the amount of $3,617.00. The parties further agreed that they would mediate the issue of unreimbursed medical payments with the family relations office or attempt to resolve same between themselves.
The court finds and orders that:
1. The plaintiff husband is in arrears $3,617.00 in child support as of June 11, 1992. He is ordered to pay said amount forthwith together with an additional sum of $750.00 for defendant wife's counsel fees.
2. If the parties cannot agree on the amount of unreimbursed medical expense owed to the defendant wife the parties shall mediate same at the family relations office with the court retaining jurisdiction if no agreement is reached.
3. The plaintiff husband has showed the requisite substantial change in circumstances and the weekly child support is modified from $358.00 to $100.00 commencing with the payment next due after June 11, 1992. The plaintiff's request for a retroactive order to the filing date is denied. The modification is based upon the plaintiff's current income and it would appear that he has a higher earning capacity and is under employed. Any change in the plaintiff's earnings or financial situation, the defendant's financial situation, or one year from the effective date of this order, whichever first occurs, shall trigger a review of the support order upon request.
4. The plaintiff shall advise the defendant within 48 hours of any change in his employment or change in the remuneration he is receiving for same or of any change in his financial situation. The plaintiff shall also furnish the defendant with a statement of his earned income certified by a certified public accountant annually and no later than April 15th of each year for so long as his support obligation shall be in effect. The plaintiff shall further furnish the defendant with a copy of all W-2 or 1099 forms he receives during each year no later than April 15th of the following year.
BALLEN, JUDGE.